TúRley, J.
delivered the opinion of the court.
A. H. Buchanan filed a bill against the defendant McManus, *450 charging usury in a transaction with one Keenon Hill, for whom complainant became bound as surety, and with whom he confessed a joint judgment for the amount in controversy, which is sought to be enjoined. The bill was taken pro confesso against the defendant, which order was upon his application, supported by affidavit, set aside, and his answer received. His answer denies expressly the usury charged; and there being no proof sustainingthe charge, the bill was dismissed. The complainant resisted the motion to set aside the rule taking the bill for confessed, and introduced a counter affidavit for that purpose. This affidavit showed that Keenon Hill had died after the bill was taken for confessed, and tended to show that he was the only witness by whom the usury could be proved.
It is now argued that under these circumstances, the chancellor erred in setting aside the pro confesso rule. It is exceedingly difficult for a revising court, to correct any error or mistake of an inferior court in matters so entirely discretionary, as the making and setting aside orders preparatory to the trial of cases. There is no principle upon which the court can rest with safety in doing so; and, therefore, without controverting that, it is sometimes done, yet it may be safely said,' that it never is, except in extraordinary cases of great and palpable injustice. That a court of chancery ought not to set aside a rule taking a bill pro confesso after the witnesses are dead, as a general rule is unquestionably true; but there may be exceptions to it, addressing themselves so strongly to the conscience of a chancellor, as to make it imperative on him to do so.
In the case now under consideration, we cannot say that the chancellor erred in the exercise of this discretion; we cannot say (for no such caséis made out) that the witnesses all were dead; Hill was, but it does not appear that he was the sole witness to the transaction; and if it did, we should be at a loss for a principle to reverse upon.
As to the propriety of receiving cross-affidavits upon motions of this character, we choose to say nothing more, than that it is a practice of doubtful and dangerous tendency, and to be-more encouraged in the breach than the observance.
Decree affirmed.